UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY PENWELL,

    Plaintiff,

v.                                          Case No:   2:14-cv-572-FtM-38CM

RTS OF CAPE CORAL, INC.,
COLONIAL MOTEL, LLC,
THOMAS CIRRINCIONE and
BENJAMIN CIRRINCIONE,

    Defendants.

### REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Amended[2] Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 30[3]), filed

---

[1] A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they promptly may file a joint notice of no objection**

[2] The parties' prior motion for settlement approval (Doc. 27) was denied without prejudice because the settlement agreement (Doc. 28) did not specify how much of the settlement amount was to be allocated to Plaintiff and how much to his counsel.   Doc. 29 at 3-4.

The Court also informed the parties that to the extent the enforcement provision of the settlement agreement sought for this Court to retain jurisdiction to enforce the terms of the agreement, the Court would not do so absent a showing of independent jurisdiction or compelling circumstances in any refiled motion for settlement approval.   *Id.* at 4.   No such showing was made in the Amended Motion; however, the Amended Motion acknowledges the Court's disinclination to retain jurisdiction, and states that the parties' agreement is not contingent upon such retention.   Doc. 30 at 5.

[3] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks

on August 21, 2015. For the reasons set forth herein, the undersigned recommends that the settlement be approved and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. The second is under 29 U.S.C. § 216(b), when an action is brought by employees against their employer to recover back wages. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues

---

to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

> than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

Plaintiff Anthony Penwell brought this claim for failure to pay overtime wages pursuant to the FLSA, 29 U.S.C. § 201 et seq., seeking recovery of unpaid overtime compensation, liquidated damages and attorneys' fees and costs arising out of his employment with Defendant as a property maintenance manager. Doc. 1. Plaintiff claimed that he is owed approximately $17,280.00 in overtime wages, plus an equal amount in liquidated damages, and attorney's fees and costs based on a rate of $10.00 per hour and overtime rate of $15.00; or, $15,125.76, plus an equal amount in liquidated damages, and attorney's fees and costs based on a rate of $8.75 per hour and overtime rate of $13.13. Doc. 20-1 at 2.

Defendant has agreed to pay Plaintiff a total of $3,000.00 for unpaid overtime wages and liquidated damages and $2,000.00 for attorney's fees and costs. Doc. 30 at 2, 5; Doc. 30-1 at 1; Doc. 30-2 at 1-2. Defendant therefore has agreed to pay and Plaintiff has agreed to accept a compromised amount of the disputed overtime claims. The parties agree that the settlement reflects a reasonable compromise given Plaintiff's likelihood of success on the merits and Defendant's costs of defending this matter. Doc. 30 at 2-3, 4-5; Doc. 30-1 at 2. Specifically, the parties state that they recognize the inherent risks of litigation, including the possibility that Plaintiff may

recover nothing or less than the settlement amount and that Defendant may be required to pay an amount in excess of the settlement amount, and neither party was willing to accept those risks. Doc. 30 at 2-3, 4-5. The Amended Motion also states that Plaintiff's attorney's fees were negotiated separately from the amounts sought by Plaintiff for his underlying claims. *Id.* at 5.

Pursuant to *Bonetti v. Embarq Management Company*:

> [T]he best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009). Although the Court must consider the reasonableness of any award of attorneys' fees, it is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face. *Bodnar v. Gourmet Hut, Inc.*, No. 3:13-cv-709-J-34JRK, 2014 WL 757981, at *3 n.4 (M.D. Fla. Feb. 26, 2014) (order adopting report and recommendation). The fee in this case appears to be reasonable.[4]

Thus, the Court, having reviewed the terms of the settlement as set forth in the Settlement Agreement and General Release (Doc. 30-1) and Addendum thereto

---

[4] The Amended Motion also states that Plaintiff's counsel "agreed to reduce her fee, which is significantly higher than $2,000.00 at this stage of the litigation, in order to see the case resolve" so that Plaintiff may purse out-of-state job opportunities available to him. Doc. 30 at 2.

(Doc. 30-2), concludes that the settlement appears to be a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. That the Amended Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 30) be **GRANTED** and the settlement be **APPROVED**; and

2. That the Court enter an Order adopting the Report and Recommendation and dismissing the case with prejudice.

**DONE** and **ENTERED** in Fort Myers, Florida on this 27th day of August, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:

The Honorable Sheri Polster Chappell
United States District Judge

Counsel of record